COURT OF APPEALS DIV
2016 JUN 20 AM 6: 39


# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 73297-8-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| FRANK RICARDO BORDERS, | ) | FILED: June 20, 2016 |
| | ) | |
| Appellant. | ) | |

BECKER, J. — To assure a criminal defendant's constitutional right to a fair and impartial trial, the trial court has an obligation to excuse a juror for bias or other grounds of unfitness, regardless of whether either party has exercised a challenge. On appeal, Frank Borders contends the trial court erred by failing to dismiss sua sponte an allegedly biased potential juror. But the juror made no unequivocal comments reflecting actual bias. Nor does the record disclose any other circumstances establishing that the juror was unable to try the issues impartially. Because the trial court did not abuse its discretion in seating the juror, we affirm Borders' conviction for one count of rape in the second degree.

## FACTS

The State charged Borders with two counts of rape in the second degree for separate incidents occurring in 2007 involving S.C. and J.P. Borders' first trial ended in a hung jury, and the trial court declared a mistrial.

Following a second trial, the jury found Borders guilty as charged. The court sentenced Borders to a mandatory life sentence under the Persistent Offender Accountability Act of the Sentencing Reform Act of 1981 (POAA), chapter 9.94A RCW. On appeal, we reversed and remanded for a new trial because the trial court erred in admitting evidence of a prior uncharged rape under RCW 10.58.090. State v. Borders, noted at 167 Wn. App. 1037 (2012); see also State v. Gresham, 173 Wn.2d 405, 269 P.3d 207 (2012).

Borders' third trial occurred in January 2015. The jury found Borders guilty as charged for the count involving S.C. but was unable to reach a verdict on the count involving J.P. The court again imposed a mandatory life sentence under the POAA.

## JUROR BIAS

Borders contends the trial court committed reversible error when it failed to excuse a biased juror who was not challenged by either party. He argues the presence of the biased juror, juror 31, violated his right to a fair and impartial jury

The trial court began voir dire with several preliminary questions about the potential jurors' knowledge of the case and their familiarity with the defendant, potential witnesses, and the location of the alleged crimes. The court then asked if anyone had family members or friends who had been the victim of sexual assault or sexual misconduct. After listening to the responses, the court asked if potential jurors had personally experienced such conduct:

> I have two goals in asking all these questions. You know, first we
> want people to look within and make sure that they would be a fair
> juror in this case, not prejudging issues. We don't want anybody

who, because of personal experiences, is going to jump to conclusions about the allegations in this particular case. And second of all, my purpose is that I don't want to see anybody on the jury for whom it would be too emotional, too difficult to sit in this case because of personal experiences. So, again, those are — that's the purpose for asking.

One of the first responses came from juror 31:

THE COURT: . . . .
Was there anybody in the box that had a hand up? . . . And in the second row I get to [juror 31].

JUROR [31]: Yes, I was 16, stranger, no criminal charges.

THE COURT: The two concerns that I mentioned, the fairness of the process and your comfort —

JUROR [31]: It's hard to know. It's hard to know until —

THE COURT: Yeah.

JUROR [31]: — the proceedings (Inaudible).

THE COURT: Sure.

JUROR [31]: However, I don't know if we're going to be asked about this, my proximity to the location. I already feel a certain sense of safety issues in my neighborhood. I'm two blocks — I live two blocks from one of the situations.

THE COURT: Right. Okay, all right. And there were a couple more hands all the way in the back row, I think.

After questioning the remaining potential jurors who had experienced sexual misconduct or abuse, the court asked the panel members to introduce themselves and provide limited biographical information. The deputy prosecutors and defense counsel then questioned the jurors.

-3-

During defense counsel's second session, she asked whether any juror or a close friend or family member had been the victim of a violent crime. Seven jurors, including juror 31, responded and identified themselves. When jurors 45 and 46 indicated they had significant concerns or discomfort because of the nature of the case, defense counsel asked whether anyone else had "similar feelings." One other person, juror 32, raised her hand. Juror 31 did not respond.

The trial court excused several potential jurors who expressed strong opinions or discomfort about the case. Neither party exercised a peremptory challenge for juror 31, and she sat on the jury.

"The Sixth and Fourteenth Amendments to the United States Constitution, as well as article I, section 22 of the Washington Constitution, guarantee a criminal defendant the right to trial by an impartial jury." State v. Davis, 175 Wn.2d 287, 312, 290 P.3d 43 (2012) (citing Taylor v. Louisiana, 419 U.S. 522, 526, 95 S. Ct. 692, 42 L. Ed. 2d 690 (1975)), cert. denied, 134 S. Ct. 62 (2013).

Either party may challenge a prospective juror for actual bias, which is "the existence of a state of mind on the part of the juror in reference to the action, or to either party, which satisfies the court that the challenged person cannot try the issue impartially and without prejudice to the substantial rights of the party challenging." RCW 4.44.170(2); see also RCW 4.44.130. A juror's mere expression or formation of an opinion, however, is not sufficient to sustain a challenge. Rather, the trial court "must be satisfied, from all the circumstances, that the juror cannot disregard such opinion and try the issue impartially." RCW 4.44.190.

Under CrR 6.4(c), when the trial judge determines that there are grounds for challenging a juror, "he or she shall excuse that juror from the trial of the case." RCW 2.36.110 requires the trial judge to excuse from further duty any juror "who in the opinion of the judge, has manifested unfitness as a juror by reason of bias." CrR 6.4(c) and RCW 2.36.110 impose a continuing obligation on the trial judge to excuse an unfit juror, regardless of whether either party has exercised a challenge. See Davis, 175 Wn.2d at 316; State v. Lawler, No. 46593-1-II, 2016 WL 3022404 (Wash. Ct. App. May 25, 2016); see also State v. Jorden, 103 Wn. App. 221, 227, 11 P.3d 866 (2000) (RCW 2.36.110 places "a continuous obligation on the trial court to excuse any juror who is unfit and unable to perform the duties of a juror"), review denied, 143 Wn.2d 1015 (2001).

We necessarily accord the trial court broad discretion in determining whether to excuse a juror for cause:

> "The trial judge is in the best position to evaluate whether a particular potential juror is able to be fair and impartial based on observation of mannerisms, demeanor, and the like."

State v. Irby, 187 Wn. App. 183, 194, 347 P.3d 1103 (2015) (quoting State v. Gonzales, 111 Wn. App. 276, 278, 45 P.3d 205 (2002)), review denied, No. 92191-1 (Wash. Feb. 10, 2016). But "the presence of a biased juror cannot be harmless; the error requires a new trial without a showing of prejudice." Irby, 187 Wn. App. at 193.

In responding to the trial court's question about whether her experience as a victim of sexual misconduct would affect "the fairness of the process" and her "comfort," juror 31 responded, "It's hard to know. It's hard to know until . . . the

proceedings." Juror 31 also volunteered that she felt "a certain sense of safety issues in my neighborhood" because she lived about two blocks away from where one of the charged incidents occurred. Borders argues that in the absence of any follow-up or rehabilitative questioning, juror 31's comments were sufficient to indicate actual bias and require the trial court to excuse her, even without a challenge for cause. We disagree.

We are unpersuaded by Borders' contention that juror 31's comments are comparable to those found to establish actual bias in State v. Irby; Hughes v. United States, 258 F.3d 453 (6th Cir. 2001); and State v. Gonzalez. In Irby, a prosecution for aggravated murder, a potential juror explained that because she had worked for Child Protective Services, she was "'more inclined towards the prosecution.'" Irby, 187 Wn. App. at 190. When asked whether that experience would affect her ability to be fair and impartial, the juror responded, "'I would like to say he's guilty.'" Irby, 187 Wn. App. at 190. Neither the trial court nor the prosecutor asked any follow-up questions seeking to determine whether the juror could remain impartial. We held that the juror's response was effectively an "unqualified statement that she did not think she could be fair" and that the trial court committed reversible error by refusing to excuse the juror sua sponte. Irby, 187 Wn. App. at 196.

In Hughes, discussed in Irby, one of the jurors stated that she had "'quite close'" connections to police officers and repeatedly informed that court that "'I don't think I could be fair.'" Hughes, 258 F.3d at 456. The Sixth Circuit found this declaration was "an express admission of bias" and that defense counsel's

failure to challenge the juror for cause constituted ineffective assistance. Hughes, 258 F.3d at 460.

In Gonzalez, a juror expressed her belief that "'unless they are proven otherwise,'" police officers "'are always honest and straightforward, and tell the truth.'" Gonzalez, 111 Wn. App. at 278. During a follow-up question, the juror added she would "'presume'" an officer who contradicted the defendant's testimony was telling the truth and expressed uncertainty that she could follow the court's instruction on the presumption of innocence. On appeal, we concluded that the juror "demonstrated actual bias" and that the trial court therefore erred in denying defense counsel's challenge for cause. Gonzalez, 111 Wn. App. at 282.

Irby, Hughes, and Gonzalez involved specific and clear expressions of bias or reservations about the jurors' ability to render a fair verdict. Unlike the responses in those cases, juror 31's statement that "It's hard to know. It's hard to know until . . . the proceedings" and acknowledgment of a "certain sense of safety issues in my neighborhood" constituted at best a cautious expression of uncertainty or potential concern in response to preliminary and general questioning. Juror 31 did not express a personal bias or concern that she could not follow the court's instructions or render a fair verdict. Such equivocal answers do not, without more, demonstrate the probability of actual bias or require removal for cause. See State v. Noltie, 116 Wn.2d 831, 838-39, 809 P.2d 190 (1991); see also Lawler, 2016 WL 3022404, at *6. The trial court did not abuse its discretion in failing to excuse juror 31 for actual bias.

STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

In his statement of additional grounds for review, Borders contends the evidence was insufficient to support his conviction because S.C. committed perjury and made false statements to various State witnesses. But Borders' contentions involve credibility determinations, which this court cannot review. See State v. Hayes, 81 Wn. App. 425, 430, 914 P.2d 788 (appellate court defers to trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence), review denied, 130 Wn.2d 1013 (1996).

Borders also alleges that the State's use of a 1983 conviction was unconstitutional. But this bare assertion, which provides no information about the nature and occurrence of the alleged error or the resulting prejudice, is too conclusory to permit appellate review. See RAP 10.10(c) (appellate court will decline to consider issues in statement of additional grounds for review if they do not "inform the court of the nature and occurrence of alleged errors").

Affirmed.

Becker, J.

WE CONCUR:

Dwyer, J.

Cox, J.